IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD PLASTER,<br>Plaintiff<br><br>v.<br><br>KEVIN KNEAL, BARBARA MALEWSKI,<br>SCOTT STERLING, RONALD SLIVKA and<br>LORA ELLSWORTH, | No. 3:06cv1655<br><br>(Judge Munley)<br><br>(Magistrate Judge Blewitt) |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Thomas M. Blewitt's report and recommendation that recommends the denial of plaintiff's motions to compel discovery and granting the motion to dismiss of Defendants Sterling, Slivka and Ellsworth. Plaintiff has filed objections to the report and recommendation.

**Background**

At the times relevant to the complaint, plaintiff was a prisoner of the Commonwealth of Pennsylvania confined at the State Correctional Institute at Frackville, Pennsylvania (hereinafter "SCI-Frackville"). (Doc. 112, Amended Complaint (hereinafter "Compl.") at ¶ 3). The defendants are: Kevin Kneal, security captain at SCI-Frackville; Scott Sterling, the doctor at SCI-Frackville; Ronald Slivka, a physician's assistant at SCI-Frackville; Lora Ellsworth, a physician's assistant at SCI-Frackville; and Barbara Malewski, the correctional healthcare administrator at SCI-Frackville. (Compl. ¶ ¶ 4 - 8).

Defendant Ellsworth examined plaintiff on July 29, 2005 regarding a sprained knee. Plaintiff was provided an ace bandage wrap and ice. A later examination was ordered. (Compl. ¶ 28). On August 5, 2005, Ellsworth again examined the plaintiff and he was found to have stability problems of the knee and a knee stabilizer was ordered. The examination

revealed two past surgeries, ligament repair, cartilage repair, crepitus, clicking and knee patella issues. (Compl. ¶ 29). A knee brace was ordered. (Id.). On August 10, 2005, plaintiff was called to pick up the knee brace. The correct brace, however, was not provided. Plaintiff alleges that security denied the proper brace, and he refused the one that was offered. (Compl. ¶ 30). Plaintiff asserts that he continued to see the prison medical staff regarding his knee problems without an appropriate treatment for his ailment being provided.

He then instituted the instant action pursuant to 42 U.S.C. § 1983 (hereinafter "section 1983"). He asserts that the defendant's actions violate the Eighth Amendment of the United States Constitution's prohibition of cruel and usual punishment.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The magistrate judge, relying upon Woodford v. Ngo, 548 U.S. 81 (2006) concluded that the plaintiff had not exhausted administrative procedures with respect to the moving medical defendants: Sterling, Slivka and Ellsworth (hereinafter "medical defendants."). We review this decision *de novo.*

The medical defendants' motion to dismiss raises the following two arguments: 1) plaintiff has failed to exhaust his Department of Corrections (hereinafter "DOC" administrative remedies; 2) plaintiff has not stated any Eighth Amendment claims against them. The medical defendants argue that plaintiff identifies neither Sterling nor Slivka in any of his grievances. Further, they argue that defendant merely identifies Ellsworth in one of the grievances and that one was not fully appealed.

The law provides that a prisoner must exhaust his administrative remedies before bringing a federal civil rights action. Specifically, the law reads:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*

42 U.S.C. § 1997e(a)(emphasis added). Exhaustion is required in any suit challenging prison conditions, not merely a section 1983 case, and it is also required where the relief the plaintiff seeks is not available through the administrative proceedings, e.g., monetary damages. Woodford v. Ngo, 548 U.S. 81, 85 (2006).

The United States Supreme Court has held that this statute requires "proper exhaustion." That is, an inmate must proceed though the

3

administrative review process and follow its procedural rules such as deadlines. Id. at 92 ("[W]e are persuaded that the . . . exhaustion requirement requires proper exhaustion.").

The DOC has instituted a formal procedure to resolve problems or other issues of concern that arise to prisoners. This procedure is known as the "Inmate Grievance System." (Doc. 121-5, Def. Ex. C, Policy Statement, at ¶ V). The procedure allows an inmate to submit an initial grievance to the prison's "Facility Grievance Coordinator" who either accepts the grievance as a proper grievance and provides it to a Grievance Officer for resolution or returns the grievance to the inmate as not accepted. (Id. at 5-6). For accepted grievances, the Grievance Officer provides a written response to the inmate within ten (10) days of its receipt. (Id. at 6). The officer can deny the grievance, uphold the inmate or resolve the grievance. (Id.). An inmate may appeal an initial review decision in writing to the Facility Manager within ten (10) working days of the date of the initial review decision. (Id. at 7). The Facility Manager must notify the inmate of his decision within ten (10) working days of its receipt. (Id. at 8). An inmate who is not satisfied with the Facility Manager's disposition of the appeal may further appeal to the Secretary's Office of Inmate Grievances and Appeals for final review. (Id. at 9-10). This appeal is the final level of appeal that the inmate can make under the Inmate Grievance System. Hence, if an inmate proceeds through all these levels of review, he has met the exhaustion of administrative remedies prerequisites to filing suit in federal district court.

In their motion to dismiss, the medical defendants assert that plaintiff did not exhaust the administrative remedies with regard to the claims

4

against them. They assert that Ellsworth has never been mentioned in any grievances. Further, they argue that Sterling and Slivka were mentioned in one grievance, but that grievance was not fully appealed, hence it was not exhausted.

As set forth above, the United States Supreme Court has held that "proper exhaustion" is required. This means that if a state's grievance system requires that defendants be named, then they must be named in the grievance or exhaustion has not been accomplished. See Jones v. Bock, 549 U.S. 199, - - , 127 S.Ct. 910, 923 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements . . . that define the boundaries of proper exhaustion.").

The Inmate Grievance Procedure provides that "[t]he inmate will identify any person(s) who may have information that could be helpful in resolving the grievance." (Doc. 121-5, Def. Ex. C, Policy Statement, at ¶ VI.A.7).

In his amended complaint, the plaintiff avers that he exhausted his administrative remedies with grievances that are numbered: 146235, 159700, 153381, 138071, 150865, and 179370. We must examine these grievances to determine if they did serve to exhaust plaintiff's claims against the medical defendants. A review of these grievances, especially grievance number 146235 and grievance number 159700 convinces us that the plaintiff has in fact exhausted his administrative remedies with respect to Defendants Sterling and Slivka.

Grievance 146235 complains about plaintiff's knee problem, however, it is a complaint against the security department. It asserts that

5

the security department is at fault for his not receiving the proper brace. It seeks damages and compensation from the security department and does not name or make allegations against the instant medical defendants. (Doc. 135, pg. 11). This grievance was returned to the plaintiff on the basis that the issues had been presented, reviewed and addressed previously in grievance no. 148071 dated December 12, 2005. (Id. at 12). This action was appealed by the plaintiff. Superintendent R. Shannon responded to the appeal as follows: "Grievance was appropriately denied because you grieved this same matter previously (#148071). I also must challenge your misunderstanding that Security has overridden the opinion of the Medical Department. This is simply not true. Medical Department determines your medical needs - no one else." (Id. at 13).

Plaintiff then requested of prisoner officials what the next step in the appeal process was. The response from the prison was "Central Office Medical. Do Not Know the Name." (Id. at 18). Plaintiff then evidently sent an appeal to the "Central Office Medical." After thirty (30) days he requested the status of the appeal. The reply he received was that it could not find his appeal and that the Central Office Medical director was not part of the appeal process anyway. (Id. at 19). After this, plaintiff evidently determined that it was proper to appeal to the Grievance Office. He requested final review of his grievance there. The review, however, was denied as untimely as it was beyond the fifteen day period provided for appeal. (Id. at 20).

It appears that plaintiff attempted to appeal this grievance, but due to the prison itself, initially filed his final review with the wrong entity. Then when the appeal was sent to the correct entity, the appeal period had

expired. Although the plaintiff must meet all deadlines in perfecting his appeal, we find that missing the deadline in the instant case was not his fault, and he has exhausted his remedies with respect to grievance number 146235. This grievance, however, does not assert claims against the medical defendants. The prison itself, however, brought up the issue of the medical defendants in the initial appeal.

Significantly, the plaintiff was informed that although he filed a grievance against the security department, the correct party was actually the medical staff as the security department could not override the opinion of the medical department. In Spruill v. Gillis, the Third Circuit Court of Appeals addressed the issue of prison grievances. The plaintiff in that case had not named a party who he later tried to bring a civil rights action against. In its response to the grievance, however, the prison itself named the party. The court found that "The purpose of the regulation here is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing. As such, the prison can excuse an inmate's failure to do so by identifying the unidentified persons and acknowledging that they were fairly within the compass of the prisoner's grievance.. [T]he prison grievance officer's recognition the [the defendant in question] was involved in the events that [plaintiff] complained of excused any procedural defects in [plaintiff's] initial grievance." Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004). Generally, this is applicable to the grievance under consideration. The plaintiff did not mention the medical defendants. The grievance reviewer, however, indicated to the plaintiff that his complaint should really be about the medical personnel. Thus, the prison officials were on notice of the persons who were claimed to be doing wrong.

The second grievance that convinces us that the plaintiff has exhausted his administrative remedies is grievance number 157900. The magistrate judge acknowledges that plaintiff fully appealed this grievance, which names both Defendant Sterling and Defendant Slivka. The magistrate judge found that this grievance did not exhaust plaintiff's claims because it did not adequately raise the Eighth Amendment claims plaintiff now asserts against the medical defendants. We disagree.

Although the grievance is not a model of clarity, it appears that plaintiff complains that Defendant Sterling discontinued the brace plaintiff seeks because he already had a different type of brace. (Doc. 135, at 35). The grievance was denied and in his appeal to the grievance, plaintiff complains that his serious medical needs are not being met. (Id. at 37). Ultimately, the final appeal of the grievance was denied because a review of the records indicated that the brace plaintiff had was sufficient and he did not need one with metal braces in it. (Id. at 41). The subject of the grievance is the metal brace plaintiff seeks, and that is also the subject of plaintiff's Eighth Amendment claims in his amended complaint in the instant case. Thus, we find it was sufficient to put the prison on notice of the claims that plaintiff now asserts against Sterling and Slivka.[1]

It is evident, however, that Defendant Ellsworth is not named in this grievance or any of the other grievances. Thus, the motion to dismiss will be granted as to her.

---

[1] We acknowledge that the grievance was not fully exhausted at the time the complaint was filed. The final review was completed on October 30, 2006, and the instant case was filed on August 23, 2006. Regardless, the final review was completed by the time plaintiff filed his amended complaint on Octobet 18, 2007. (Doc. 112).

The second issue raised by the medical defendants in their motion to dismiss is whether the plaintiff has stated an Eighth Amendment claim against them. The report and recommendation states "upon review of Plaintiff's Amended Complaint, Doc. 112, . . . Plaintiff has stated Eighth Amendment claims against Medical Defendants since he has alleged that they were deliberately indifferent to his serious medical needs for his knee condition." (Doc. 139, Report and Recommendation, at 43, n.25). Thus, it is recommended that in the event that we find that plaintiff has exhausted his administrative remedies, we remand the case to the Magistrate Judge to direct the medical defendants to answer the amended complaint. The medical defendants have not filed objections to this portion of the report and recommendation. Therefore, in order to decide whether to adopt the report and recommendation on this issue, we must determine whether a review of the record evidences plain error or manifest injustice. See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1). After a careful review, we find neither a clear error on the face of the record nor a manifest injustice, and therefore, we will adopt the report and recommendation with regard to the finding that plaintiff has asserted an Eighth Amendment claim.

The report and recommendation also addresses the plaintiff's motion to compel discovery and to stay the motion to dismiss (Doc. 126). No objections to this recommendation have been made. We find neither a clear error on the face of the record nor a manifest injustice, and therefore,

9

we shall adopt the report and recommendation with regard to the motion to compel/motion to stay the motion to dismiss.

**Conclusion**

For the reasons set forth above, the report and recommendation will be granted in part and denied in part. The medical defendants' motion to dismiss will be granted with respect to Defendant Ellsworth, but denied with respect to Defendants Sterling and Slivka. The plaintiff's motion to compel discovery/stay the motion to dismiss will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD PLASTER,<br>    Plaintiff<br><br>v.<br><br>KEVIN KNEAL, BARBARA MALEWSKI,<br>SCOTT STERLING, RONALD SLIVKA and<br>LORA ELLSWORTH, | No. 3:06cv1655<br><br>(Judge Munley)<br><br>(Magistrate Judge Blewitt) |

## ORDER

AND NOW, to wit, this 29th day of August 2008, it is hereby ORDERED as follows:

1) Magistrate Judge Blewitt's report and recommendation (Doc. 139) is **ADOPTED** in part;

2) The plaintiff's motion to compel discovery/stay the motion to dismiss (Doc. 126) is hereby **DENIED**;

3) The motion to dismiss filed by Defendants Sterling, Slivka and Ellsworth (Doc. 12) is **GRANTED** with respect to Defendant Ellsworth and she is dismissed from this action. It is **DENIED** in all other respects.

4) The clerk of court is directed to remand this case to Magistrate Judge Blewitt for further proceedings.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

11